**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| MATTHEW MARTINS | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | **Civil action No.** |
| | ) | |
| WOOD'S HOLE, MARTHA'S | ) | |
| VINEYARD AND NANTUCKET | ) | |
| STEAMSHIP AUTHORITY | ) | |
|     Defendant | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR A JURY TRIAL

Now come the Plaintiff, Matthew Martins, and for his Complaint against the Defendant,

Wood's Hole, Martha's Vineyard and Nantucket Steamship Authority, states as follows:

## THE PARTIES

1.    The Plaintiff, Matthew Martins, is a resident of Sandwich, County of Barnstable,

Commonwealth of Massachusetts.

2.    The Defendant, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority is a

body politic, duly organized and existing under the laws of the Commonwealth of

Massachusetts, with its principal place of business in Wood's Hole, County of

Barnstable, Commonwealth of Massachusetts

## FACTUAL ALLEGATIONS

3.    On or about June 16, 2017, the Plaintiff, MATTHEW MARTINS, was employed by the

Defendant, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority.

4.    On or about June 16, 2017, the Plaintiff, MATTHEW MARTINS, was employed by the

Defendant, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, as a

seaman, and a member of the crew of the M/V IYANOUGH.

5.    On or about June 16, 2017, the Defendant, Wood's Hole Martha's Vineyard and

Nantucket Steamship Authority, owned the M/V IYANOUGH.

6.    The Defendant, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority,

chartered the M/V IYANOUGH from some other person or entity such that on or about

June 16, 2017, the Defendant, Wood's Hole Martha's Vineyard and Nantucket Steamship

Authority, was the owner pro hac vice of the M/V IYANOUGH.

7.    On or about June 16, 2017, the Defendant, Wood's Hole Martha's Vineyard and

Nantucket Steamship Authority, operated the M/V IYANOUGH.

8.    On or about June 16, 2017, the Defendant, Wood's Hole Martha's Vineyard and

Nantucket Steamship Authority, or its agents, servants, and/or employees, controlled the

M/V IYANOUGH.

9.    On or about June 16, 2017, the M/V IYANOUGH was in navigable waters.

10.   On or about June 16, 2017, while in the in the performance of his duties in the service of

the M/V IYANOUGH, the Plaintiff, MATTHEW MARTINS, sustained personal injuries

when the vessel allided with a rock jetty

11.   Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff,

MATTHEW MARTINS, was exercising due care.

### JURISDICTION

12.   This Court has subject matter jurisdiction over this matter pursuant to The Merchant

Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. § 30104, et. seq.

(formerly § 688 et. seq.)

13.   Alternatively, this Court has subject matter jurisdiction over this matter pursuant to 28

U.S.C. § 1333.

## COUNT I
## MATTHEW MARTINS V. WOOD'S HOLE MARTHA'S VINEYARD AND
## NANTUCKET STEAMSHIP AUTHORITY
### (JONES ACT NEGLIGENCE)

14.   The Plaintiff, MATTHEW MARTINS, reiterates the allegations set forth in paragraphs 1

through 13 above.

15.   The personal injuries sustained by the Plaintiff, MATTHEW MARTINS, were not caused

by any fault on his part but were caused by the negligence of the Defendant, Wood's

Hole Martha's Vineyard and Nantucket Steamship Authority, its agents, servants and/or

employees. including, without limitation, in the following ways:

   a.   The M/V IYANOUGH operated at night and at a high rate of speed without

        adequate, proper, reasonably able and/or trained, attentive and/or competent staff

        at the helm;

   b.   The M/V IYANOUGH operated at night and at a high rate of speed without

        proper, adequate and/or reasonable navigational rules, regulations, policies and/or

        procedures.

   c.   The M/V IYANOUGH was operated at night and at a high rate of speed without

        proper, adequate and/or reasonable stewardship;

   d.   The M/V IYANOUGH was operated at night at a high rate of speed without

        proper, adequate, functioning and/or reasonable equipment;

   e.   The Captain, mate and/or pilot of the M/V IYANOUGH was not adequately,

        properly and/or reasonably trained, including, without limitation, with respect to

        the equipment onboard and/or with respect to the applicable Rules of the Road,

        Inland Navigational Rules, and/or the Convention on the International

Regulations for Preventing Collisions at Sea ("COLREGS")

f.  While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants, and/or employees, failed to operate the vessel with due care to prevent injury to its passengers;

g.  While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants, and/or employees, failed to follow proper operational and/or safety precautions, procedures, policies and/or regulations;

h.  The Defendant failed to provide the Captain, Mate and/or pilot with proper procedures, policies, regulations, and/or rules for operating the vessel;

i.  While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants and/or employees were grossly and/or recklessly inattentive to the navigation and/or operations of the vessel causing it to strike a rock jetty, which was a known hazard to navigation in the area, appearing on navigational charts.

j.  and in others respects that may be learned during discovery and shown at trial.

16. As a result of said injuries, the Plaintiff, MATTHEW MARTINS, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

17. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, MATTHEW MARTINS, demands judgment against the Defendant, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury together with interest and costs.

## COUNT II
## MATTHEW MARTINS V. WOOD'S HOLE MARTHA'S VINEYARD AND
## NANTUCKET STEAMSHIP AUTHORITY
### (GENERAL MARITIME LAW -  UNSEAWORTHINESS)

18.     The Plaintiff, MATTHEW MARTINS, reiterates the allegations set forth in paragraphs 1

through 13 above.

19.     The personal injuries sustained by the Plaintiff, MATTHEW MARTINS, were due to no

fault of his, but were caused by the Unseaworthiness of the M/V IYANOUGH, including,

without limitation, the following unseaworthy conditions:

    a.  The M/V IYANOUGH operated at night and at a high rate of speed without

        adequate, proper, reasonably able and/or trained, attentive and/or competent staff

        at the helm;

    b.  The M/V IYANOUGH operated at night and at a high rate of speed without

        proper, adequate and/or reasonable navigational rules, regulations, policies and/or

        procedures.

    c.  The M/V IYANOUGH was operated at night and at a high rate of speed without

        proper, adequate and/or reasonable stewardship;

    d.  The M/V IYANOUGH was operated at night at a high rate of speed without

        proper, adequate, functioning and/or reasonable equipment;

    e.  The Captain, mate and/or pilot of the M/V IYANOUGH was not adequately,

        properly and/or reasonably trained, including, without limitation, with respect to

        the equipment onboard and/or with respect to the applicable Rules of the Road,

        Inland Navigational Rules, and/or the Convention on the International

        Regulations for Preventing Collisions at Sea ("COLREGS")

f.     While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants, and/or employees, failed to operate the vessel with due care to prevent injury to its passengers;

g.     While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants, and/or employees, failed to follow proper operational and/or safety precautions, procedures, policies and/or regulations;

h.     The Defendant failed to provide the Captain, Mate and/or pilot with proper procedures, policies, regulations, and/or rules for operating the vessel;

i.     While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants and/or employees were grossly and/or recklessly inattentive to the navigation and/or operations of the vessel causing it to strike a rock jetty, which was a known hazard to navigation in the area, appearing on navigational charts.

j.     and in other respects that may be learned during discovery and shown at trial.

20.     As a result of said injuries, the Plaintiff, MATTHEW MARTINS, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

21.     This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, MATTHEW MARTINS, demands judgment against the Defendant, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury together with punitive damages, interest and costs.

### COUNT III
### MATTHEW MARTINS V. WOOD'S HOLE MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

22.    The Plaintiff, MATTHEW MARTINS, reiterates all of the allegations set forth in

Paragraphs 1 through 13 above.

23.    As a result of the personal injuries described in paragraph 10 above, the Plaintiff,

MATTHEW MARTINS, has incurred and will continue to incur expenses for his

maintenance and cure.

WHEREFORE, the Plaintiff, MATTHEW MARTINS, demands judgment against the

Defendant, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount

to be determined by a jury for maintenance and cure, together with costs and interest.

### COUNT IV
### MATTHEW MARTINS V. WOOD'S HOLE MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY
### (GENERAL MARITIME LAW/JONES ACT – INTENTIONAL/NEGLECT FAILURE TO PROVIDE MAINTENANCE AND CURE)

24.    The Plaintiff, MATTHEW MARTINS, reiterates the allegations set forth in paragraphs 1

through 13 above.

25.    As a result of the personal injuries described in paragraph 10 above, the Plaintiff,

MATTHEW MARTINS, has incurred and will continue to incur expenses for his

maintenance and cure.

26.    The Plaintiff, MATTHEW MARTINS, made demand upon the Defendant, Wood's Hole

Martha's Vineyard and Nantucket Steamship Authority, for the provisions of

maintenance and cure.

27.    The Defendant, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority

Defendant, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide

the Plaintiff, MATTHEW MARTINS, with maintenance and cure in a timely and/or

adequate manner.

28.     As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the

Plaintiff has sustained and will continue to sustain damages, including without limitation,

pain of body and anguish of mind, lost time from his usual work and pursuits, medical

and hospital expenses, attorneys' fees, and has sustained and will sustain other damages

as will be shown at trial.

WHEREFORE, the Plaintiff, MATTHEW MARTINS, demands judgment against the

Defendant, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount

to be determined by a jury as compensatory damages for failure to pay maintenance and cure,

together with costs, interest, and reasonable attorneys' fees.


**THE PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES RAISED IN THIS
CLAIM**


Respectfully submitted for the
the Plaintiff/Defendant, MATTHEW MARTINS,
by his attorney,

Dated:  June 9, 2020


/s/ Jonathan E. Gilzean
Carolyn M. Latti, BBO # 567394
Jonathan E. Gilzean, BBO # 679164
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000